IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT AT CLEVELAND

| | |
|---|---|
| **BRIAN FINLEY** and **JESSICA FINLEY,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**OCWEN LOAN SERVICING, LLC, et al.**,<br><br>    Defendants. | Case No. 1:17-cv-02561-DAP<br><br>Judge Dan Aaron Polster<br><br>**PLAINTIFFS BRIAN AND JESSICA FINLEY'S RESPONSE TO MOTION OF DEFENDANT MANLEY DEAS KOCHALSKI LLC TO DISMISS FOR FAILURE TO STATE A CLAIM** |

Plaintiffs, Brian Finley and Jessica Finley ("Plaintiffs"), by and through their undersigned attorneys, for their response to Defendant Manley Deas Kochalski LLC's ("MDK") Motion to Dismiss (the "Motion"), state as follows:

### INTRODUCTION

Generally, allegations that a defendant knows that its conduct is false will allow a FDCPA complaint to survive a motion to dismiss. See *Turner v. Lerner, Sampson & Rothfuss*, 776 F. Supp. 2d 498, 506 (N.D. Ohio 2011). However, a successful FDCPA claim requires an allegation of misleading or false conduct. See *Galati v. Manley Deas Kochalski*, LLC, 622 F. App'x 473, 476 (6th Cir. 2015). The instant matter concerns more than MDK "merely filing a debt collection lawsuit." See (Dkt. 16), p. 16. MDK knew that the 2011 Loan Modification Agreement (the "2011 LMA") would be a defense as early as Plaintiffs' July 6, 2016 answer filed in the Foreclosure Case and, despite that knowledge, continued to push towards a foreclosure sale up until Plaintiffs retained counsel to assist them in defending the Foreclosure Case. (Dkt. 1), ¶¶57-63, 69-72. Indeed, MDK should have known of the 2011 LMA because of it

- 1 -

ethical duty to investigate the legal and factual basis for filing suit prior to doing so. Yet, MDK failed to look at or chose to simply ignore the 2011 LMA attached to the answer prior to October 6, 2016. (Dkt. 1-H), pp. 27:20-27:25, 28:1-28:7. MDK gained additional knowledge of Plaintiffs' situation during the October 6, 2016 hearing in the Foreclosure Matter- including Plaintiffs' payments to Ocwen and Ocwen and HSBC's actions in ignoring the Bankruptcy Court's order. (Dkt. 1-H), pp. 10:1-10:15; 18-1:18:25, 19:1-19:3; 23:19-23:25. The Magistrate in the Foreclosure Case even suggested that MDK's attorney should review Plaintiffs' evidence and decide if the Foreclosure Case should be dismissed. (Dkt. 1-H), pp. 16:2-16:21; 23:3-23:18; 30:16-30:25, 31:1-31:7. Instead, MDK chose to take advantage of *pro se* defendants to proceed in the foreclosure case taking advantage of the fact that plaintiffs had failed to comply with the court's directive to formalize their objections. This conduct is unfair and unconscionable because MDK - as officers of the court - were independently obligated to withdraw a claim that they had reason to know was no longer valid - even if the Finleys had not articulated it in a specific manner.

## ARGUMENT

**A.     Plaintiffs allege sufficient facts to show that MDK violated 15 U.S.C. § 1692d.**

MDK asserts in its Motion that Plaintiffs have not stated a claim under 15 U.S.C. § 1692d because Plaintiffs fail to sufficiently allege that MDK engaged in any harassing or abusive conduct. (Dkt. 16), pp. 2, 16. The Complaint claims that MDK violated 15 U.S.C. § 1692d by threatening an imminent foreclosure sale of Plaintiffs' home and improperly filing and maintaining a foreclosure matter (the "Foreclosure Case") against unrepresented defendants, when MDK knew that the 2011 LMA would be a defense. (Dkt. 1), ¶¶ 58-62, 69, 150, 153; (Dkt. 1-C). MDK only dismissed the Foreclosure Case after Plaintiffs retained counsel. (Dkt. 1), ¶¶ 70-

72. Finally, after Plaintiffs secured a dismissal of the Foreclosure Case, MDK returned with the November 9, 2017 "Notice Under Fair Debt Collection Practices Act" (the "MDK Notice") containing false representations intended to further embarrass, upset, frighten, harass, oppress, or abuse Plaintiffs. (Dkt. 1), ¶¶ 79-82; (Dkt. 1-Q).

15 U.S.C. § 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." "Although non exhaustive, the examples of oppressive conduct listed in § 1692d concern tactics intended to embarrass, upset, or frighten a debtor. They are likely to cause the 'suffering and anguish' which occur when a debt collector attempts to collect money which the debtor ..." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (citation omitted).

MDK wishes to focus on the conduct of Plaintiffs, unrepresented defendants in the Foreclosure Case, while ignoring its own abusive conduct. MDK claims that "MDK merely pointed out the obvious procedural facts of the foreclosure action in its response to the Finley's belated objections to the magistrate's decision," although MDK's prosecution of the Foreclosure Case went further than that claim, as described, *supra*.. (Dkt. 16), p. 16. MDK cannot hide behind its role of attorney in the foreclosure action to excuse its conduct. MDK repeatedly took affirmative steps to move forward with the sale of Plaintiffs' home notwithstanding its knowledge of 2011 LMA and the order of the Bankruptcy Court obligating Ocwen to honor the 2011 LMA. (Dkt. 1), ¶¶ 57-62, 69; (Dkt. 1-F) ('Ocwen Loan Servicing, LLC ("Ocwen") is hereby ordered to honor and adhere to the terms of the loan modification agreement between Ocwen and the debtors dated December 30, 2011.'). Then after MDK dismissed the Foreclosure Case only after Plaintiffs retained counsel, MDK continued harassing Plaintiffs through the

MDK Notice containing false statements. (Dkt. 1), ¶¶ 72, 79-82; see (Dkt. 1-Q). Even if the FDCPA Notice complies with the obligations of 15 U.S.C. § 1692g, that fails to protect MDK from "liability resulting from violations of other provisions of the [FDCPA]." *Polinsky v. Cmty. Health Partners Reg'l Health Sys.*, 858 F. Supp. 2d 891, 900 (N.D. Ohio 2012).

Viewing MDK's conduct from the "perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse," the conduct was intended to "embarrass, upset, or frighten" Plaintiffs, or at the very least it is a question to be decided in a later stage of the litigation.

**B.      Plaintiffs allege sufficient facts to show that MDK violated 15 U.S.C. § 1692e.**

MDK next asserts that Plaintiffs failed to "allege facts to indicate that MDK made any materially false, deceptive, or misleading representation to them." (Dkt. 16), p. 16. However, Plaintiffs specifically allege that MDK made false statements in the MDK Notice. (Dkt. 1), ¶¶ 79-82, 150; see (Dkt. 1-Q). MDK falsely stated that no MDK attorney has evaluated the alleged debt in the MDK Notice before the notice was drafted, even though MDK filed the complaint in the Foreclosure Case and sought judgment in that matter. (Dkt. 1), ¶ 54-56, 58-59, 62, 69, 72, 80-81. Plaintiffs additionally allege that MDK falsely stated the amount of the alleged debt. (Dkt. 1), ¶¶ 82, 148-150; see (Dkt. 1-Q). Finally, Plaintiffs allege that MDK threatened to collect amounts not due, when MDK knew that action could not legally be taken because of the 2011 LMA. (Dkt. 1), ¶ 151; see (Dkt. 1-C).

"Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the 'least sophisticated consumer' would be misled by defendant's actions *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). MDK cites Seventh Circuit authority to

support the proposition that since its representation was made to Plaintiffs' counsel, instead of to Plaintiffs, a higher standard applies. See *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) ("But that is an argument not for immunizing practices forbidden by the statute when they are directed against a consumer's lawyer, but rather for recognizing that the standard for determining whether particular conduct violates the statute is different when the conduct is aimed at a lawyer than when it is aimed at a consumer.") MDK ineptly relies upon *Polinsky v. Cmty. Health Partners Reg'l Health Sys.*, 858 F. Supp. 2d 891, 899 (N.D. Ohio 2012), to support its "competent lawyer" standard, however, *Polinsky* specifically states, "[T]he Court holds that communications submitted to a debtor's attorney are not categorically excludable under the FDCPA."

MDK confusingly argues that the MDK Notice's representation that "no attorney at MDK has evaluated the debt" is "neither false nor materially so." (Dkt. 1), ¶ 80; (Dkt. 16), p. 18. "§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). MDK assumes that there were some "communications" between Ocwen and Plaintiffs or some "other developments," but provides no evidence showing that the debt that was the subject of the MDK Notice was materially different from the one that was the subject of the Foreclosure Case. Compliance with 15 U.S.C. § 1692g does not allow MDK to violate other sections of the FDCPA. *Polinsky v. Cmty. Health Partners Reg'l Health Sys.*, 858 F. Supp. 2d 891, 900 (N.D. Ohio 2012). *Michael v. Javitch, Block & Rathbone, LLP*, 825 F. Supp. 2d 913, 921 (N.D. Ohio 2011), is distinguishable from the current matter. In *Michael*, the defendant law firm had no knowledge of the agreement between its client and the plaintiff, and in the instant matter, MDK knew about the 2011 LMA and Bankruptcy Court Order for over a year before it sent out the MDK Notice.

"The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326-327 (6th Cir. 2012). Literally false representations meet the materiality standard, but representations based on a colorable legal argument are not considered materially false. *Burd v. Manley Deas Kochalski PLLC*, No. 2:13-CV-593, 2014 WL 12572908, at *4 (S.D. Ohio Mar. 31, 2014). Unlike MDK's representations in *Burd*, MDK's representations in the instant matter cannot be based on a colorable legal argument because MDK knew that the 2011 LMA would be a defense to the Foreclosure Case, but continued to make false representations anyways. This is not a case where a client simply gave MDK information and MDK filed a lawsuit. MDK was involved in the entire foreclosure process and continued to make false representations well after it knew those representations were false.

Plaintiffs disputed the debt multiple times in the Foreclosure Case, and MDK repeatedly failed to "verify its validity and delay collection efforts," and instead continued vigorously toward a foreclosure sale. Indeed, the foreclosure court all but invited MDK to reevaluate its claims prior to proceeding further. Instead, MDK chose to proceed with knowldegde thatthe basis for its client's claims were not valid given the 2011 LMA. Plaintiffs specifically allege, "[T]hey were confused and scared at the prospect of losing their Home." (Dkt. 1), ¶ 63. Plaintiffs were not represented by counsel while MDK ignored Plaintiffs' efforts to get Ocwen to abide by the 2011 LMA. (Dkt. 1), ¶ 63. Just when Plaintiffs obtain some glimmer of relief – dismissal of the Foreclosure Case – MDK sends the MDK Notice in an effort to further confuse and mislead Plaintiffs. (Dkt. 1), ¶¶ 72, 79. MDK's false allegations stating that no attorney at MDK evaluated the debt was just another attempt by MDK to further confuse Plaintiffs, borrowers who were desperate to get their servicer to simply listen to them. See (Dkt. 1), ¶¶ 80. Again, MDK's

conduct was not simply filing a foreclosure matter with information from its client. MDK ignored Plaintiffs' attempts to get Ocwen to honor the 2011 LMA and follow the Bankruptcy Court Order until Plaintiffs retained counsel, dismissed the Foreclosure Case, and then right away sent the MDK Notice as if MDK never participated in the Foreclosure Case at all.

The Sixth Circuit does not follow the "competent lawyer" standard, but rather the "least sophisticated consumer" standard. *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). MDK provides no authority to suggest that the Sixth Circuit provides otherwise.

MDK is correct that Plaintiffs did not attach MDK's objections to the magistrate's decisions in the Foreclosure Case, as Plaintiffs mistakenly provided the wrong exhibit. The correct exhibit is attached as **Exhibit A**.[1] In that exhibit, MDK makes materially false statements in its objections to the magistrate's decisions by falsely stating that a default has occurred, when MDK knew about the 2011 LMA.  MDK's failure to even address the 2011 LMA or Bankruptcy Court Order in its objections to the magistrate's decisions, and current failure to address the same anywhere in the argument section of the Motion is telling of MDK's conduct throughout this whole ordeal. MDK goes into painstaking detail in the Motion concerning the circumstances surrounding its prosecution of a foreclosure against *pro se* defendants, but again forgets to explain what MDK did with its knowledge of the 2011 LMA and Bankruptcy Court Order or what MDK did in response to the Magistrate's suggestions.

Viewed in a light most favorable to Plaintiffs, as is required at this early stage of the litigation, the allegations of the Complaint are sufficient to allege that MDK's conduct resulted

---

[1] Both parties rely upon and cite the record before the foreclosure court which this Court is asked to take judicial notice.

- 7 -

in "false, deceptive or misleading representation[s]" to Plaintiffs, or at the very least it is a question to be decided in a later stage of the litigation.

**C.     Plaintiffs allege sufficient facts to show that MDK violated 15 U.S.C. § 1692f.**

Finally, MDK asserts that Plaintiffs failed to allege facts to indicate that MDK violated 15 U.S.C. § 1692f. (Dkt. 16), p. 20. Again, MDK tries to excuse its conduct by hiding behind its role as counsel for HSBC. As demonstrated previously, MDK did more than merely utilize the ordinary judicial process to attempt to collect from Plaintiffs. MDK would rather focus on the conduct of an unrepresented defendant trying to save her home than explain its own conduct. There is nothing inconsistent or perplexing about trying to enforce a contract that HSBC's agent Ocwen prepared and the Bankruptcy Court ordered Ocwen to honor. See (Dkt. 1-C, F). What is confusing is MDK hoping to excuse its conduct by stating that MDK dismissed the Foreclosure Case, especially when MDK sent the MDK Notice with false representations less than three months after. (Dkt. 16), p. 21.

Viewed in a light most favorable to Plaintiffs, as is required at this early stage of the litigation, the allegations of the Complaint are sufficient to allege that MDK's conduct constituted an unconscionable means to collect or to attempt to collect a debt, or at the very least it is a question to be decided in a later stage of the litigation.

## CONCLUSION

At this stage of the case, the facts alleged and taken as true, support each of Plaintiffs' claims. MDK must be held to account for its conduct and not allowed to cower behind feigned assertions that it lacked knowledge or that it acted as an innocent advocate at any point in the process.

**WHEREFORE**, Plaintiffs Brian Finley and Jessica Finley respectfully request this Court deny Defendant Manley Deas Kochalski LLC's Motion to Dismiss and for all other relief this Court may deem proper.

*Respectfully submitted,*

/s/ *Marc E. Dann*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Brian D. Flick (0081605)
DannLaw
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiffs Brian and Jessica Finley*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **RESPONSE TO MOTION OF DEFENDANT MANLEY DEAS KOCHALSKI LLC TO DISMISS FOR FAILURE TO STATE A CLAIM** was served *via* the Court's Electronic Filing System on all parties and counsel of record on the following date.

Date: February 26, 2018

/s/ *Marc E. Dann*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Brian D. Flick (0081605)
DannLaw
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiffs Brian and Jessica Finley*

**SERVICE LIST**

Matthew J. Richardson
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: mjr2@manleydeas.com
*Attorney for Defendant Manley Deas Kochalski LLC*